IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN BARAJAS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-413-RAH |
| | ) [WO] |
| M1 SUPPORT SERVICES, L.P., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| ──────────────────────── | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| M1 SUPPORT SERVICES, L.P., *et al.*, | ) |
| | ) |
| Cross-Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant M1 Support Services, L.P.'s ("M1") *Motion to Dismiss the United States of America's Cross-Claims*. The motion is fully briefed and thus ripe for decision. For the following reasons, the motion is due to be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

Adrian Barajas was piloting an AH-64E Apache helicopter on June 6, 2022 when the tail rotor blade failed during flight and he crash-landed in a wooded area. Barajas was seriously injured in the accident. Together with his wife, Arioanna,

1

Barajas filed this lawsuit, with the Second Amended Complaint being the operative pleading, against M1 Support Services, L.P., the Boeing Company, Boeing Aerospace Operations, Inc., Ducommun Incorporated, Ducommun Aerostructures, Inc., and the United States of America, alleging negligence, wantonness, violations of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), and breach of implied warranty.  Relevant here is Count Seven, which alleges that "contractors" and "agents" of the U.S. Army were negligent in failing to follow a myriad of government regulations, manufacturer's handbooks and rules, and industry standards regarding the maintenance, inspection and repair of the Apache helicopter.  M1 was a contractor for the U.S. Army that held responsibilities for maintaining and inspecting the Apache helicopter.  In fact, M1 inspected the helicopter just hours before the accident at issue.

Although it denied the Barajas's allegations against it in its answer, the United States brought crossclaims against M1 for negligence (Count I) arising from the property damage to the Apache helicopter and for indemnification (Count II) from and against the Barajas's claims against the United States on account of M1's conduct.  M1 moves to dismiss both claims.

### STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, a court considers only the allegations contained in the complaint and any attached exhibits. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).  A Rule 12(b)(6) motion tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  But "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. But if the facts in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief,'" and the complaint must be dismissed. *Id.* (alteration adopted) (citing Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

### 1. Negligent Maintenance Crossclaim

As the basis for dismissal of the negligence crossclaim asserted against it, M1 first relies on the post-crash AR 15-6 investigation report,[1] arguing that the report exonerates M1's conduct in this case. The crux of the United States' negligence claim against M1 is that M1's purported "failure to perform required maintenance on the accidence helicopter was the proximate cause of the in-flight tail rotor separation on June 6, 2022, which led to the total loss of the U.S. Army's Apache helicopter." (Doc. 94 at ¶ 78.) The investigation report, which M1 attaches to its motion to dismiss, contradicts that assertion in that the investigators concluded that "[a] review of the aircraft maintenance records for tail number 11-09010 revealed that proper

---

[1] The "primary function of any [AR 15-6 investigation] is to ascertain facts, document and preserve evidence, and then report the facts and evidence to the approval authority." AR 15-6, § 1-8.

3

maintenance was being performed on the aircraft." (Doc. 108-1 at 6.) More specifically, the investigation report concluded that M1 performed an "isopropyl alcohol test, the standard method for checking for cracks" and that "[n]o defects were found" in the tail rotor blade. (*Id.*) "No other maintenance deficiencies were found." (*Id.*)

While the investigation report says what it says, it is not dispositive, at least at this stage. M1 does not provide any authority or basis in the law stating that an internal agency investigation report, such as this one, has a binding, preclusive effect on the United States' position in subsequent litigation. Nor should it, as the report is not sworn, nor does it constitute a legal pleading. Instead, the findings contained within the AR 15-6 report are simply one of many sources of evidence on which litigants may rely in advancing their liability positions in subsequent litigation.[2] *See, e.g., Anderson v. United States*, 606 F. Supp. 3d 1040, 1052 (E.D. Wash. 2022) (AR 15-6 findings considered alongside testimony at evidentiary hearing in ruling on United States' motion to dismiss in a Federal Tort Claims Act property damage action).

M1 also contends there is no factual basis for the negligence claim because the United States denied the Barajas's allegations of negligence by its contractors and agent in the Second Amended Complaint and then incorporated these denials into its crossclaim against M1. (*See* doc. 94 at ¶ 65, 73.) As such, according to M1, the United States' crossclaims have no factual support due to these general denials. (Doc. 108 at 5.)

But this assertion ignores a core tenet of federal procedure: plaintiffs (and cross-claimants) "may assert alternative and contradictory theories of liability."

---

[2] And further, M1 offers the report in response to the Second Amended Complaint. As such, the report generally is inappropriate for consideration at the motion to dismiss stage which merely tests the plausibility of the lawsuit based on the allegations in the Second Amended Complaint.

4

*Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1175 (11th Cir. 2014); *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1308 n.7 (11th Cir. 2020) ("pleading in the alternative is permissible in federal court"). Indeed, "Rule 8(d) of the Federal Rules of Civil Procedure *expressly permits* the pleading of both alternative and inconsistent claims." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) (emphasis added). And while M1 is correct that parties are normally bound by admissions, and that factual allegations must be consistent with alternative pleadings, *see Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 807 (1999), the Eleventh Circuit has recognized an exception to this rule, specifically for the pleading of crossclaims:

> An exception has been carved out of this general rule to permit the exercise of the liberal pleading and joinder provisions of the Federal Rules of Civil Procedure lest inconsistent pleadings under Rule 8(e)(2) [now Rule 8(d)(3)] be used as admissions negating each other and lest the allegations in third party complaints and crossclaims seeking recovery over in the event of liability in the principal action be used as admissions establishing liability.

*Nichols v. Barwick*, 792 F.2d 1520, 1523 (11th Cir. 1986) (citation omitted). This is the case here. The Federal Rules allow the United States to prosecute its crossclaims against M1 without being forced to make admissions that could be detrimental to its defense against the Barajases' claims or its crossclaim for property damage to the Apache helicopter.

Finally, M1 argues the United States' negligent maintenance crossclaim fails to plead sufficient factual allegations that meet Rule 8's plausibility standard. But it is clear that the United States has sufficiently met its pleading requirements. Starting with the crossclaim itself, the United States alleges that M1 had a duty to provide maintenance services for the Apache helicopter on behalf of the United

5

States, including performing inspections on the tail rotor blade that failed, that M1 failed to properly perform these inspections, and that this failure was the proximate cause of the in-flight tail rotor separation that led to the Apache helicopter's total loss. (Doc. 94 at ¶¶ 74–78.) These are the alleged facts, not mere conclusory statements. M1 nevertheless argues that the United States must go further and allege *how* the inspections were improper, *which* inspections were improper, *when* such inspections were performed, or *who* performed them. (Doc. 108 at 6–7.) But this heightened pleading standard of who, what, when, where, why, and how, is more akin to the Rule 9 standard of particularity pleading that governs fraud claims. *See* Fed. R. Civ. P. 9(b); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Negligence is not a fraud-based claim and, therefore, it does not require the United States to plead such facts with particularity. As such, M1's adequacy-of-pleading argument is unpersuasive.[3]

M1's motion to dismiss Count I is due to be denied.

## 2. Indemnification

The United States also brings a crossclaim against M1 for indemnification. M1 argues for dismissal because the claim states no basis for indemnification other than that M1 was at fault for the Apache helicopter crash and there can be no contribution among joint tortfeasors under Alabama law. The United States make

---

[3] There is a commonsense element to this consideration that largely is being ignored by M1. The United States is being sued by the Barajases for their personal injuries due to, among others, the negligent acts of M1 in maintaining, inspecting, and repairing the Apache helicopter. In their Second Amended Complaint, the Barajases set out in detail M1's shortcomings and failures that give rise to their personal injury claim. Through its negligence crossclaim against M1 for the property damage aspect of the helicopter accident (which only the United States can bring since it is the owner of the Apache helicopter), the United States is simply advancing those same accusations against M1 if the Barajases prove those accusations to be true. As such, the United States' negligence claim against M1 will largely rise or fall on the same liability grounds as the Barajases' claims against M1 and the United States. Therefore, there should be no secret to M1 as to what exactly it is defending against in this case. For that reason, to the extent M1 makes an embedded request for a more definite statement of the negligence claim, it is due to be denied.

no mention of a contractual right of indemnification in its crossclaim. Thus, it is assumed that the United States is advancing a common law indemnification claim only.

Under Alabama law, the general rule is that there is no right to contribution amongst joint tortfeasors. *Consol. Pipe & Supply Co. v. Stockham Valves & Fittings, Inc.*, 365 So. 2d 968, 970 (Ala. 1978). This rule usually serves as a roadblock against common law indemnification claims. But there is an exception to the general rule: active versus passive negligence. *SouthTrust Bank v. Jones, Morrison, Womack, & Dearing, P.C.*, 939 So. 2d 885, 902 (Ala. Civ. App. 2005). The Barajases' complaint and the United States' indemnification claim make clear that the exception to the general rule is at play. In particular, the Barajases' Second Amended Complaint alleges that the United States is being sued because "The helicopter crash and the Plaintiffs' injuries and damages was caused, in whole or in part, by the negligence [of the] . . . contractors, and/or agents of the U.S. Army" (*see* doc. 62 at 18), and the United States' crossclaim alleges that the Barajases' injuries and damages were proximately caused "by the *active* negligence, recklessness, gross negligence, and/or fault of Cross-Defendant M1 Support Services, L.P." (*see* doc. 94 at 17 (emphasis added).). At this stage of the proceedings, the crossclaim cannot be construed as foreclosing a common law indemnification claim based on the active-passive negligence concept.[4] As such, M1's motion to dismiss Count II is due to be denied.

## CONCLUSION

Accordingly, the *Motion to Dismiss the United States of America's Crossclaims* (doc. 108) filed by M1 Support Services, L.P. is due to be and is hereby **DENIED**.

---

[4] M1's argument is more appropriate at the summary judgment stage, once the facts of the accident are better established.

**DONE**, on this the 26th day of July, 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE